CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

JUL 23 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:05-cr-00002-2 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| MARSALINA MACHUCA, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Marsalina Machuca, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner complains that she was served years after her conviction notice that state agents intend to seize her vehicles. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing petitioner's submissions, I dismiss the motion for lack of jurisdiction.

On July 7, 2005, petitioner pleaded guilty to conspiring to distribute narcotics, in violation of 21 U.S.C. § 846. On December 27, 2005, I sentenced petitioner to, inter alia, 108 months incarceration. Petitioner did not appeal the criminal judgment.

Petitioner filed the instant motion no earlier than June 14, 2010. Petitioner requests that I set aside her sentence because the Commonwealth of Virginia intends to seize her vehicles. Specifically, petitioner alleges that state agents served her on June 2, 2010, with notices of forfeiture without notifying her in her federal indictment that her property was subject to forfeiture. Petitioner argues that "the government" violated due process by serving her the notice of forfeiture more than four years after her conviction. To support her claim, petitioner attached a "notice of seizure" issued on July 18, 2008, by the Assistant Commonwealth's Attorney for Pittsylvania County, Virginia. (Mot. 13.) A document titled "information of forfeiture" also

describes the forfeiture as a civil action pursuant to Virginia law because the vehicles were "used in substantial connection with or derived from" the illegal manufacture, sale, distribution, or possession with the intent to sell marijuana or other controlled substances. (Id. 16.)

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

While petitioner's requested relief to be released or resentenced is the typical relief granted by a § 2255 motion, petitioner's due process arguments challenge a state civil forfeiture action, not a federal criminal conviction. Therefore, petitioner can not find relief via § 2255 from a federal district court to challenge on-going state civil proceedings. Accordingly, I dismiss petitioner's § 2255 motion and advise petitioner to contact the Circuit Court for the County of Pittsylvania about the forfeiture action. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C.

§ 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER**: This 23rd day of July, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge